COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder, Frank, Humphreys, Clements, Kelsey, McClanahan,
           Haley, Petty, Beales and Millette[*]
Argued at Richmond, Virginia

STACEY LYNN WRIGHT
                                                              OPINION BY
   v.  Record No. 2986-06-4                          JUDGE WILLIAM G. PETTY
                                                           OCTOBER 28, 2008
COMMONWEALTH OF VIRGINIA

                          UPON A REHEARING EN BANC

                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Randy I. Bellows, Judge

           Nina J. Ginsberg (DiMuroGinsberg, P.C., on briefs), for appellant.

           Donald E. Jeffrey, Assistant Attorney General (Robert F.
           McDonnell, Attorney General, on brief), for appellee.


       Following a bench trial, Stacey Lynn Wright was convicted of assault on a law

enforcement officer in violation of Code § 18.2-57(C).  On appeal, she raises three issues.  First,

she argues that the trial court erred in denying her motion to dismiss or remand her direct

indictment because the district court improperly entered an order of *nolle prosequi*.  Second, she

contends that the resulting denial of a preliminary hearing under Code § 19.2-218 led to a

violation of her due process rights under Article I, Section 11 of the Constitution of Virginia.

Finally, she asserts that the trial court should have allowed her trial counsel to withdraw so he

could testify as an impeachment witness.

       By opinion dated April 22, 2008, a panel of this Court reversed Wright's conviction and

dismissed the indictment.  Wright v. Commonwealth, 51 Va. App. 628, 631-32, 659 S.E.2d 583,

---

       [*] Justice Millette participated in the hearing and decision of this case prior to his
investiture as a Justice of the Supreme Court of Virginia.

585 (2008).[1]  We decided, on our own motion, to rehear this case *en banc*.  Because we find no error in the trial court's decision, we now affirm Wright's conviction.

## I. BACKGROUND

On November 19, 2005, Virginia State Trooper B.C. Patton arrested Wright for driving while intoxicated.  During her arrest she fought with Trooper Patton, resulting in an additional charge of felony assault on a law enforcement officer.  State Trooper J.H. Wolford was also at the scene and assisted in Wright's arrest.

When this case came before the district court for a preliminary hearing the Commonwealth moved to "nol pros" the felony assault charge.  Defense counsel objected to the motion, arguing that it was the assistant Commonwealth's attorney's "practice . . . to nol pros cases at preliminary hearing and then to direct indict[,] systematically . . . depriving folks of their right to a preliminary hearing."

While the record does not reveal the basis of the Commonwealth's motion for *nolle prosequi*, defense counsel proffered in his later motion to dismiss that the assistant Commonwealth's attorney did not offer any reason for his motion.[2]  However, the Commonwealth did not challenge defense counsel's characterization of the proceedings in the district court.  The "unilateral avowal of counsel, if unchallenged" is a proper proffer.  Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977).  Therefore, the trial court was entitled to consider the proffer as true.

---

[1] The panel opinion did not reach issue three regarding trial counsel's withdrawal because of its holding on the first two issues.

[2] A partial transcript of the preliminary hearing was introduced as part of the motions hearing in the circuit court.  It does not contain the actual motion made by the prosecutor, but it does show that the assistant Commonwealth's attorney replied "No, sir" when the trial court asked whether he had a response to Wright's objection to the motion for *nolle prosequi*.

Shortly after the charge of felony assault on Trooper Patton was terminated by entry of the *nolle prosequi* in district court, the Commonwealth obtained a direct indictment for the same offense as well as an additional direct indictment for felony assault on Trooper Wolford.[3] Defense counsel moved to have these indictments dismissed, or, in the alternative, to have the case remanded to the district court for a preliminary hearing. In its motion, the defense argued that the prosecutor did not provide the district court judge with any reason for his motion to *nolle prosequi* the original charge. Therefore, Wright concluded, the grant of the motion was improper because there was no "good cause" as required by Code § 19.2-265.3. The defense further argued that the district court's grant of the Commonwealth's motion deprived Wright of her statutory right to a preliminary hearing pursuant to Code §§ 19.2-183 and 19.2-218, and violated her due process rights.

Following a hearing on the motion, the trial court denied Wright's motion to dismiss and stated:

> I think [defense counsel] raises some interesting issues of the tactics of the Commonwealth Attorney, but I don't think that I am the source of correction if in fact those are the tactics.
>
> I think to do so would be to go behind the nol pros ruling. That's where the issue is fairly joined, where the Commonwealth moves to nol pros and they're there at the preliminary hearing and the judge has the opportunity to hear whether there was good cause.
>
> [T]here's not a procedure for me to review the record and decide whether the General District Court judge or the Juvenile and Domestic Relation[s] Court District Judge was correct.
>
> And to grant this motion I would have to decide that those nol proses were improperly granted, and for all of those reasons, I'm going to deny the motion . . . .

At trial, Wright's counsel sought to impeach Trooper Patton's testimony concerning her behavior during her arrest. Wright's counsel explained to the trial court that he had interviewed

---

[3] The trial court acquitted Wright of this charge.

- 3 -

the witness prior to trial and that the trooper's statements at that time differed from his testimony. Wright's counsel asked for a mistrial because he was "unfortunately a witness to" the allegedly inconsistent statements. After hearing from the parties, the trial court determined that a mistrial was unnecessary, but directed defense counsel to submit a written proffer for the record. Wright's attorney subsequently provided a detailed proffer.

The trial court convicted Wright of one count of felony assault of a law enforcement officer, finding that she kicked Trooper Patton, and sentenced her to six months incarceration. This appeal followed.

## II. ANALYSIS

### A.

We begin our analysis with a brief overview of Virginia's statutory right to a preliminary hearing. According to Code § 19.2-218, a "person who is arrested on a charge of felony" is entitled to "a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused." Our Supreme Court has described a preliminary hearing as "a screening process. Its primary purpose is to determine whether there is 'sufficient cause' for charging the accused with the crime alleged, that is, whether there is reasonable ground to believe that the crime has been committed and whether the accused is the person who committed it." Moore v. Commonwealth, 218 Va. 388, 391, 237 S.E.2d 187, 190 (1977) (citing Williams v. Commonwealth, 208 Va. 724, 160 S.E.2d 781 (1968)). Our Supreme Court has held that a denial of an accused's statutory right to a preliminary hearing does not violate due process rights under either the Constitution of Virginia or the United States Constitution. Webb v. Commonwealth, 204 Va. 24, 31, 129 S.E.2d

22, 28 (1963). However, the denial of an accused's statutory right to a preliminary hearing can be reversible error.[4] Triplett v. Commonwealth, 212 Va. 649, 650, 186 S.E.2d 16, 17 (1972).

Hence, Code § 19.2-218, by its own terms, only applies to a "person who is *actually under arrest* on a felony charge prior to indictment . . . ." Moore, 218 Va. at 394, 237 S.E.2d at 192 (emphasis added) (citing Webb, 204 Va. at 31, 129 S.E.2d at 27-28); accord Payne v. Warden, 223 Va. 180, 183, 285 S.E.2d 886, 887 (1982). Thus, only "a person who is detained in custody by authority of law or who is under a legal restraint" is entitled to a preliminary hearing. Moore, 218 Va. at 394, 237 S.E.2d at 192. "A person . . . whose freedom of movement and liberty is not subject to any legal restriction[] is certainly not a person who 'is arrested on a charge of felony' within the meaning of" Code § 19.2-218. Id. at 394, 237 S.E.2d at 192 (quoting Code § 19.2-218).

Accordingly, our Supreme Court has held that an adult who is directly indicted by a grand jury, rather than one who is arrested for a felony and charged by a warrant, is not entitled to a preliminary hearing pursuant to Code § 19.2-218. Webb, 204 Va. at 31, 129 S.E.2d at 28. There is no need for a preliminary hearing when a charge has been brought by direct indictment because "[t]he primary purpose of a preliminary hearing is to ascertain whether there is reasonable ground to believe that a crime has been committed and the person charged is the one

---

[4] While we cite Triplett v. Commonwealth, 212 Va. 649, 186 S.E.2d 16 (1972), for the broad legal proposition that the deprivation of a preliminary hearing is, if anything, a statutory— not a constitutional—error, the Triplett case is significantly different from that before us. Triplett involved a *single* prosecution, initiated by an arrest that culminated in a conviction in the circuit court. Id. at 649-50, 186 S.E.2d at 17. This case involves *two* separate prosecutions arising from the same criminal act – one that was initiated by a felony arrest and then terminated by order of *nolle prosequi* in the general district court, and one that was initiated by direct indictment and culminated in a conviction in the circuit court and this appeal. Moreover, the defendant in Triplett received neither a preliminary hearing nor a grand jury indictment whereas Wright's first prosecution ended at the preliminary hearing stage and she was subsequently indicted by a grand jury. Thus, the rationale for the holding in Triplett does not control the outcome in this case.

who has committed it[]"—a function fulfilled by the grand jury on direct indictment. Id.; Britt v. Commonwealth, 202 Va. 906, 907, 121 S.E.2d 495, 496 (1961).

The same limitation applies when a prosecution that began with a felony arrest warrant is terminated at the preliminary hearing in district court whether by dismissal of the charge, Moore, 218 Va. at 394, 237 S.E.2d at 192, or by *nolle prosequi* of the charge, Armel v. Commonwealth, 28 Va. App. 407, 505 S.E.2d 378 (1998). When the charges against an accused are dismissed or *nolle prosequied* the accused is no longer a person "whose freedom of movement and liberty" are "subject to any legal restriction" because those charges no longer exist. See Moore, 218 Va. at 394, 237 S.E.2d at 192; see also Armel, 28 Va. App. at 409, 505 S.E.2d at 380 (holding that appellant was not entitled to a preliminary hearing under Code § 19.2-218 because, following the entry of the *nolle prosequi* at the preliminary hearing, the original charges were "terminated" and "the situation was the same as if 'the Commonwealth had chosen to make no charge'" until the return of the direct indictment (quoting Watkins v. Commonwealth, 27 Va. App. 473, 475, 499 S.E.2d 589, 590 (1998) (*en banc*))).

Thus, when the original prosecution in this case was terminated by *nolle prosequi* in the district court and the Commonwealth obtained a direct indictment against Wright, the indictment was a "'new charge[], distinct from the original charge[] . . . .'" Watkins, 27 Va. App. at 475, 499 S.E.2d at 590 (quoting Arnold v. Commonwealth, 18 Va. App. 218, 221, 443 S.E.2d 183, 185, aff'd en banc, 19 Va. 143, 450 S.E.2d 161 (1994)). Accordingly, the case before us involves two separate prosecutions arising from the same criminal conduct.

B.

With this legal framework in mind, we turn to Wright's arguments on appeal.[5] Wright's

first two questions presented are so intertwined that we consider them together. Wright argues

(1) that the trial court erred in denying her motion to dismiss the direct indictments or remand to

the district court for a preliminary hearing and (2) that the trial court's failure to insure that she

received a preliminary hearing violated her due process rights under the Virginia Constitution.

As explained below, we disagree.

Wright conceded both at oral argument and on brief that a valid order of *nolle prosequi*

terminates a prosecution and consequently cuts off a defendant's statutory right to a preliminary

hearing when that defendant is later charged by a direct indictment. Appellant's Br. at 23.

However, she argued before the trial court that the *nolle prosequi* that terminated the original

prosecution against her was invalid because the Commonwealth did not show any cause at all, let

alone good cause as required by Code § 19.2-165.3.[6] Thus, she reasoned that she remained a

"person . . . under legal restraint" for the purposes of Code § 19.2-218 because the original

---

[5] Relying on Battle v. Commonwealth, 12 Va. App. 624, 630, 406 S.E.2d 195, 198 (1991), Wright also weaves a theme of prosecutorial vindictiveness throughout her argument on appeal. She alleges that the additional indictment for felony assault on Trooper Wolford was motivated by her refusal to plea guilty to a DUI charge. We decline to address this argument for several reasons. First, Wright did not make this argument before the trial court. See Rule 5A:18. Second, the issues Wright raised on appeal focus on her asserted right to a preliminary hearing and do not encompass the concept of prosecutorial vindictiveness. See Rule 5A:12(c). Finally, the trial court acquitted Wright on the additional indictment, making moot any argument that the Commonwealth brought that indictment in retaliation for Wright's refusal to plead guilty. See State v. Brock, 113 S.W.3d 227, 233 (Mo. Ct. App. 2003) (noting that appellant's claim for prosecutorial vindictiveness was moot when the allegedly vindictive charge was dismissed).

[6] Code § 19.2-265.3 states: "Nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." We did not reach the good cause issue in Armel. There, we noted without further comment that the appellant did not challenge the trial court's finding that the general district court's *nolle prosequi* order was entered in compliance with Code § 19.2-265.3. Armel, 28 Va. App. at 409 n.1, 505 S.E.2d at 379 n.1.

prosecution was never terminated.  Moore, 218 Va. at 394, 237 S.E.2d at 192.  The trial court declined to dismiss the indictments or remand for preliminary hearing, noting that it did not "sit as an appellate [court] for nolle proses."  On appeal, Wright argues that the trial court erred in making this ruling and that its error deprived her of her right to a preliminary hearing.

First, as a threshold matter, we disagree with Wright's argument that the deprivation of her preliminary hearing violated her due process rights under the Constitution of Virginia.  As we discussed in Part A, *supra*, our Supreme Court has held that "the requirement for a preliminary hearing under Code § [19.2-218] is not jurisdictional and constitutionally imposed but is only statutory and procedural."  Triplett, 212 Va. at 650, 186 S.E.2d at 17 (citing Webb, 204 Va. at 32, 129 S.E.2d at 28).  Thus, while a trial court's refusal to grant an accused her preliminary hearing when required by Code § 19.2-218 may be reversible error, id. at 651, 186 S.E.2d at 17, it "does not violate the due process . . . clause[] of . . . the Constitution of Virginia." Webb, 204 Va. at 32, 129 S.E.2d at 28.  Moreover, the purpose of the preliminary hearing, to ensure that an accused is not held in the absence of "reasonable ground to believe that he committed the offense," Code § 19.2-218, becomes moot when the accused has been discharged from further prosecution.  Hence, we conclude that, even had Wright been entitled to a preliminary hearing, any deprivation of that right would not give rise to a due process claim.

Second, Wright was not entitled to a preliminary hearing on these facts.  Wright concedes in her brief that "[t]he only way to terminate her statutory right to a preliminary hearing was through a properly entered order of *nolle prosequi* in accordance with Code § 19.2-265.3." Appellant's Br. at 23.  She argues, however, that the district court's order was invalid and that the original prosecution was never terminated.  Wright accordingly reasons that she remained entitled to a preliminary hearing throughout the proceedings below.

To be entitled to a preliminary hearing, Wright had to establish that she was a person actually under arrest on a felony charge prior to indictment, despite the entry of the *nolle prosequi* order in the district court.  Moore, 218 Va. at 394, 237 S.E.2d at 192.  To do so, she needed to show one of two things:  (1) that the district court's order of *nolle prosequi* was void *ab initio* and that she therefore remained charged at the time of her indictment; or (2) that the order of *nolle prosequi* was voidable and the circuit court had the authority to review the order, reverse it for error, and reinstitute the original warrant.

An order "is void if it has been procured by extrinsic or collateral fraud, or has been entered by a court that did not have jurisdiction over the subject matter or the parties."  Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998) (internal citations omitted).  Such an order may be "'impeached directly or collaterally by all persons, anywhere, at any time, or in any manner.'"  Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (quoting Barnes v. Am. Fertilizer Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925)).  Wright does not argue that the district court did not have jurisdiction over her or her case when it entered the order of *nolle prosequi*, and, clearly, she was properly before that court when it did so.  See Code § 16.1-127 (district courts have jurisdiction to conduct preliminary hearings on felony charges). Further, she does not allege fraud; instead, she only argues that the district court made an error of law in granting a *nolle prosequi* without finding "good cause" pursuant to Code § 19.2-265.3. This is insufficient to establish that the order was void.

As opposed to a void order, "an order is voidable if its issuance was reversible error but was within the [district] court's jurisdiction to enter."  Hicks v. Mellis, 275 Va. 213, 219, 657 S.E.2d 142, 145 (2008).  Because the district court had jurisdiction to enter the *nolle prosequi* order, it is, at best, voidable.  See Singh, 261 Va. at 52, 541 S.E.2d at 551.  "[A] judgment [that] is merely voidable . . . may be set aside only (1) by motion to the trial court filed [while the trial

- 9 -

court retains jurisdiction], [or] (2) on direct appeal . . . ." Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 145 (1995) (internal citations omitted). Thus, a voidable order is binding unless it is vacated by the court that issued it or is overturned by an appellate court.

The core of Wright's argument is that the circuit court had subject matter jurisdiction to review the district court's decision to grant a motion for *nolle prosequi* – specifically, to review that discretionary decision[7] for compliance with Code § 19.2-265.3, and, if the order was entered improperly, to reverse it and reinstate the original charge. In other words, Wright asked the trial court to void the district court's arguably voidable order that terminated the original prosecution. We hold that the circuit court is without subject matter jurisdiction to conduct an appellate review of the district court's order granting a motion for *nolle prosequi* and therefore cannot reverse that court's order.[8]

---

[7] See Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999) ("The express language of [Code § 19.2-265.3] commits a finding of good cause to the discretion of the trial court.").

[8] The dissent contends that deciding this case on jurisdictional grounds runs contrary to our Supreme Court's decisions in Williams, 208 Va. 724, 160 S.E.2d 781; Foster v. Commonwealth, 209 Va. 297, 163 S.E.2d 565 (1968); and Moore, 218 Va. at 388, 237 S.E.2d at 187. According to the dissent, if subject matter jurisdiction were a proper basis for our decision in this case, our Supreme Court would have decided those cases on subject matter jurisdiction, rather than reaching the merits of the cases. See *infra* at 23-30. We disagree.

In both Williams and Foster, the Supreme Court affirmed the respective trial courts' refusals to grant motions to quash indictments based on asserted errors at the preliminary hearing stage. See Williams, 209 Va. at 725-26, 728-29, 160 S.E.2d at 782, 784-85; Foster, 209 Va. at 298-301, 163 S.E.2d at 566-68. Those cases are different from the case before us because each involved only *one* continuous prosecution. The defendants in Williams and Foster challenged errors made at the preliminary hearing stage of a single continuous prosecution. As we noted *supra*, this case involves *two* separate criminal prosecutions. By bringing a motion to dismiss pursuant to Rule 3A:9(b), Wright was asking the circuit court to reach back into a concluded legal proceeding and review the district court's discretionary decision in that previous case.

The dissent's reliance on Moore, 218 Va. at 388, 237 S.E.2d at 187, is also misplaced. Moore involved two issues: first, whether the Double Jeopardy Clause precluded further prosecution after dismissal at a preliminary hearing; and second, whether the statute required a preliminary hearing once the defendant was indicted for the same offense. Id. at 390, 393, 237 S.E.2d at 189, 191. Neither of these issues required the circuit court to consider the basis for the dismissal in the district court. Hence, the circuit court's jurisdiction to do so was never at issue.

"The right to appellate review is a statutory right . . ." and is therefore subject to the limitations placed upon it by the General Assembly. Payne v. Commonwealth, 233 Va. 460, 473, 357 S.E.2d 500, 508 (1987); see also Va. Const. art. IV, § 1 ("[T]he General Assembly shall have the power to determine the original and appellate jurisdiction of the courts of the Commonwealth."). Code § 17.1-513 states, in pertinent part, that circuit courts "have appellate jurisdiction in all cases, civil and criminal, in which an appeal may, *as provided by law*, be taken from the judgment or proceedings of any inferior tribunal." (Emphasis added). Thus, "[a]s Code § 17.1-513 recites, the circuit court would have appellate jurisdiction in this case if the appeal [from a district court's entry of a *nolle prosequi* order] is an appeal 'as provided by law.'" Neighbors v. Commonwealth, 274 Va. 503, 510, 650 S.E.2d 514, 518 (2007).

A circuit court's jurisdiction to sit as an appellate court is very limited. For instance, the circuit court has true appellate jurisdiction to review state administrative agency determinations, see Code §§ 2.2-4026 and 17.1-513, and, arguably, a conviction of summary contempt in a district court. See Gilman v. Commonwealth, 275 Va. 222, 657 S.E.2d 474 (2008). However, in criminal cases, the General Assembly has not provided any authorization that would permit a circuit court to review a district court's discretionary decision ending a prosecution.[9] Without such an express grant, the circuit court did not have jurisdiction to determine whether the district court's decision constituted an abuse of discretion. See, e.g., Nicely v. Commonwealth, 23

---

[9] In the criminal law context, the circuit court has jurisdiction to conduct *de novo* reviews of misdemeanor convictions in the district court. See Code § 16.1-132 (right of appeal from misdemeanor conviction in the district court). Rather than a review of the lower court's decision, these *de novo* appeals actually vacate the decision of the lower court as if it had never occurred and provide a new trial in the circuit court. These proceedings are actually re-trials. See, e.g., Peterson v. Commonwealth, 5 Va. App. 389, 398, 363 S.E.2d 440, 445 (1987) ("An appeal taken in accordance with Code § 16.1-132 is, in effect, a statutory grant of a new trial to the accused. 'It annuls the judgment of the inferior tribunal as completely as if there had been no previous trial.'" (quoting Gaskill v. Commonwealth, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965))). Wright did not seek a *de novo* hearing on the Commonwealth's motion to *nolle prosequi*, and this statute would not have authorized such a re-hearing if she had.

Va. App. 327, 333-34, 477 S.E.2d 11, 13 (1996) (holding that "the circuit courts have no appellate jurisdiction over a general district court's review of an administrative license suspension" in the absence of any statutory authority vesting them with such jurisdiction). Therefore, we conclude that Wright was not entitled to have the circuit court review the district court's discretionary decision and grant her requested remedy of either having the case remanded to the district court for preliminary hearing or having the subsequent indictments dismissed. The trial court did not err in refusing to do so.[10]

## C.

Wright also argues that the trial court erred when it refused to grant her motion for a mistrial or allow her defense counsel to withdraw and testify as to discrepancies between a witness' unsworn prior statements and his trial testimony. We review a trial court's denial of a mistrial motion for abuse of discretion. Lewis v. Commonwealth, 269 Va. 209, 213, 608 S.E.2d 907, 909 (2005). "Upon familiar principles, we will not reverse the denial of a motion for a mistrial unless a manifest probability exists that the trial court's ruling was prejudicial." Perez v. Commonwealth, 40 Va. App. 648, 654, 580 S.E.2d 507, 510 (2003). There is no indication that the trial court's denial of Wright's motion unduly prejudiced her. Accordingly, we affirm the trial court.

---

[10] Moreover, we do not have jurisdiction to review whether the *nolle prosequi* was properly granted in this case. We are a court of limited jurisdiction. West v. Commonwealth, 18 Va. App. 456, 457, 445 S.E.2d 159, 159 (1994), appeal dismissed, 249 Va. 241, 455 S.E.2d 1 (1995). Pursuant to Code § 17.1-406(A), we may hear appeals arising from final orders of conviction entered in the *circuit* courts—not orders of the district courts. The real issue Wright asks us to reach – whether the district court erred in entering the *nolle prosequi* on her original charges – is not included within the order of conviction from which she appeals. Those charges, and the issues relating to them, ceased to exist when the district court entered its order. See Watkins, 27 Va. App. at 474, 499 S.E.2d at 590 ("When the trial court enters a nolle prosequi of an indictment, it lays 'to rest that indictment and the underlying warrant without disposition, *as though they had never existed*.'" (quoting Burfoot v. Commonwealth, 23 Va. App. 38, 44, 473 S.E.2d 724, 727 (1996))).

Wright's motion for a mistrial was premised on her allegation that her arresting officer's testimony was inconsistent with statements he had made to Wright's counsel prior to trial. On direct examination at trial, the trooper testified that Wright "cussed," screamed, kicked him several times, and behaved in a generally violent manner when he tried to arrest her.

When the trooper began to testify, Wright's defense counsel moved for a mistrial. Counsel explained that he had interviewed the trooper prior to trial and that the trooper's statements then differed from his testimony at trial. The trial court asked counsel whether the trooper stated in the interview "that [Wright] had kicked him in the leg." Counsel replied, "he said that she kicked backwards . . . toward the groin area, struck him, not hard, but struck him in the leg and . . . he said that was the act of assault on a law enforcement officer. . . . [T]here was no [mention of] punching, shoving, [or] multiple kicks . . . ."

The trial court denied Wright's motion for a mistrial, stating that "both in the witness room and at trial [the trooper's] testimony has been consistent that there was a kick backwards into his leg and that that's precisely what [the Commonwealth] is saying is the basis . . . of her assault on a police officer." The trial court also directed Wright's counsel to prepare a proffer of his anticipated testimony for the record. Counsel later filed a written proffer.

Following trial, Wright moved to set aside the verdict on the same grounds as her motion for mistrial; counsel appended his written proffer to the memorandum in support of Wright's motion. At the outset of the hearing on the motion, the trial court assured Wright that it had "read everything you filed" including counsel's proffered impeachment testimony.

After hearing from both parties, the trial court denied the motion. The trial court explained that the proffered evidence about the inconsistencies between Trooper Patton's pretrial statements and trial testimony did "not change [the court's] mind as to" Wright's guilt. The trial court explained that it made two findings in determining to deny the motion:

> One is that I believe that even accepting [defense counsel's] representations as to what [the trooper] said in the informal interview, that establishes that there was one kick, one rear kick. And I find that would have been sufficient to support a conclusion of the Defendant's guilt on assault on a police officer.
>
> [Defense counsel] is not asserting that [the trooper] denied any contact or any kick. I understand there's other arguments about the credibility factor and how that would affect even one kick, but I did want to make that finding.
>
> And secondly, I don't agree with Mr. Greenspun that it's irrelevant that having read the proffer and carefully considered the proffer and the evidence that was introduced at trial that I would reach the same conclusion that the Defendant was guilty beyond a reasonable doubt of the assault on [the trooper].
>
> This is, to me, fundamentally different than a jury trial where we don't know what the trier of fact – what conclusion they would have reached. I'm representing what conclusion that I would have reached in that situation.

In this case, the trial court—which was the trier of fact below – made it abundantly clear that the proffered impeachment evidence would not have changed the result of the trial. See Lane v. Commonwealth, 184 Va. 603, 611, 35 S.E.2d 749, 752 (1945) (the trial court sits as the finder of fact in bench trials). In an analogous situation, we have held that "[p]rejudice cannot be shown where, as here, the trial judge was the trier of fact and, upon learning of the undisclosed information, rules unequivocally that the impeachment evidence would have had no impact on the factfinding underlying the defendant's conviction." Deville v. Commonwealth, 47 Va. App. 754, 757, 627 S.E.2d 530, 532 (2006) (internal quotation marks and citation omitted) (discussing an alleged Brady violation).

The trial court in this case, "sitting as 'both trier of fact and arbiter of law,'" found that the proffered impeachment evidence was "inconsequential . . . ." Id. (quoting Stroik v. State, 671 A.2d 1335, 1340 (Del. 1996)). Thus, "there can be 'no logical possibility' that its" admission into evidence at trial "'would have altered the outcome of the case.'" Id. (quoting Stroik, 671 A.2d at 1340). In this situation, then, "we need not hypothesize how a reasonable

- 14 -

jury would likely have reacted to the new information. We know with certitude, from the factfinder himself, that the outcome of the proceeding would not have been different had the" impeachment evidence been allowed. Id.

Moreover, the trial judge explained his reasoning for his conclusion that the proffered evidence would not have changed his decision: both versions of the story indicated that Wright had kicked the trooper at least once. Evidence of that one kick is sufficient to support a conviction for one count of assault on a police officer. See Code § 18.2-57. Accordingly, the trial court's finding was reasonable.

Based on the foregoing discussion, we hold that the trial court did not abuse its discretion when it denied Wright's motion for a mistrial.

III. CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

Haley, J., with whom Elder and Clements, JJ., join, dissenting.

In the circuit court, the defendant proffered that the Commonwealth had offered no reason or cause in support of the motion to *nolle prosequi* the arrest warrant, in direct violation of the mandate of Code § 19.2-265.3. The majority writes: "Therefore, the trial court was entitled to consider the proffer as true." In sum, the majority concedes the arrest warrant was illegally terminated. Code § 19.2-218 states:

> No person who is arrested on a charge of felony shall be denied a preliminary hearing upon the question of whether there is a reasonable ground to believe that he committed the offense and no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused.

The majority then asserts that the circuit court had no jurisdiction to consider the consequences of this illegal termination. One cannot reconcile this assertion with the reality that indictments are only returned in circuit courts and that any objection "based upon defects in the institution of the prosecution," pursuant to Rule 3:A9(b), must be made before trial in the circuit court. In Triplett v. Commonwealth, 212 Va. 649, 651, 186 S.E.2d 16, 17 (1972), our Supreme Court wrote, "But where, as here, the defendant insists upon his statutory rights to a preliminary hearing and indictment, we hold the failure of the trial court to adhere to those procedural requirements is reversible error."

Today, the majority eviscerates both Code § 19.2-265.3 and § 19.2-218, narrows the original jurisdiction of circuit courts, and overrules Triplett. I respectfully dissent.

1) The Majority and Triplett v. Commonwealth

Two features of the majority's opinion contradict the majority's reasoning. First, on two occasions, the majority cites Triplett for the proposition that the denial of a criminal defendant's statutory right to a preliminary hearing pursuant to Code § 19.2-218 can be reversible error. See discussion, supra, at 5 and 8. Second, the majority announces that, "Wright was not entitled to a

- 16 -

preliminary hearing on these facts." One could conclude from this language that facts peculiar to Wright's case compel the conclusion that her conviction must be affirmed while the conviction of another criminal defendant, upon facts meaningfully different from Wright's, might still be reversed upon a finding that the defendant's statutory right to a preliminary hearing had been violated.

Yet the majority argues that the circuit court had no jurisdiction to decide that Wright's right to a preliminary hearing had been violated because to do so would have been an impermissible exercise of appellate jurisdiction over the proceedings of the general district court. See discussion, supra, at 11. The majority further maintains that this Court has no jurisdiction to reverse Wright's conviction for violations of Code §§ 19.2-218 and 19.2-265.3 because the *nolle prosequi* that prevented Wright's preliminary hearing was entered by a general district court and not by a circuit court. See supra note 10. Even if one assumes that the majority is right on both points, it is clear that today's decision overrules Triplett.

Every defendant who is arrested for a felony before indictment has a statutory right to a preliminary hearing. Code § 19.2-218. *All* of these hearings are conducted in district courts. When no hearing occurs, in violation of the statute, it is invariably true that it is the district court, not the circuit court, that erroneously failed to conduct the preliminary hearing. Thus, the majority's holding that we cannot reverse Wright's conviction because it was the district court, rather than the circuit court, that violated her rights under Code § 19.2-218 is also, in effect, a determination that no violation of Code § 19.2-218 will ever be reversible error.

The majority writes - "the rationale for the holding in Triplett does not control the outcome in this case" – without first discussing, or even mentioning, what the rationale for the holding in Triplett was.

In Triplett, the defendant was convicted of driving after having been declared an habitual offender. 212 Va. at 649, 186 S.E.2d at16. "Triplett did not waive a preliminary hearing and one was not afforded him." Id. at 650, 186 S.E.2d at 16. Triplett was also tried on a warrant without having first been indicted by a grand jury. Id. The Supreme Court framed the question presented thusly: "The primary question here is whether a defendant, who has not waived such requirements and duly objects, can be put on trial for his violation where he has not received a preliminary hearing after his arrest and has not been presented or indicted by a grand jury." Id.

In Triplett, the Commonwealth argued that neither a preliminary hearing nor an indictment was necessary because of [former] Code § 46.1-387.8 (providing that when an accused is charged with driving while his privilege to drive is suspended or revoked, the district court shall determine whether the accused has been held to be an habitual offender and, if so, shall certify the case to a court of record for trial). The Triplett decision rejected this argument.

> This argument overlooks, however, the clear mandate of *both*
> [former] Code § 19.1-163.1, which sets forth when a preliminary
> hearing is required, *and* [former] Code § 19.1-162, which requires
> an indictment or presentment or a written waiver thereof before a
> person shall be put on trial for a felony.
>
> It is true that the requirement for a preliminary hearing under
> [former] Code § 19.1-163.1 is not jurisdictional and
> constitutionally imposed but is only statutory and procedural.
> Likewise, the requirement for indictment is not jurisdictional and
> constitutionally imposed but is only statutory and procedural.
>
> But where, as here, the defendant insists upon his statutory *rights*
> to a preliminary hearing and indictment, we hold the failure of the
> trial court to adhere to *those* procedural requirements is reversible
> error.

Id. at 650-51, 186 S.E.2d at 17 (citations omitted) (emphasis added).

Essentially, this is the only rationale that Triplett offered for the Court's holdings on both the preliminary hearing question and on the indictment question. According to the logic of Triplett, the unlawful denial of *either* of these statutory requirements over the objection of the

- 18 -

defendant is reversible error for exactly the same reason: because the legislature created both rights and the courts must therefore enforce them when their terms apply.

The majority argues that Wright's case is distinguishable from Triplett because Wright was indicted by a grand jury before her trial and Triplett was not. This argument might be persuasive had the Triplett decision not used exactly the same analysis in resolving the questions 1) whether the denial of the defendant's statutory right to indictment was reversible error and 2) whether the denial of his right to preliminary hearing was reversible error. The majority concedes that Wright was arrested for a felony prior to her indictment; it concedes that she never received a preliminary hearing; it concedes that she did not waive her right to a preliminary hearing; and it concedes that Wright objected to the denial of her right to a preliminary hearing both in the general district court and in the circuit court. Thus, the majority effectively concedes that every component of the rationale for our Supreme Court's holding in Triplett applies with equal force to Wright's case.

This Court cannot overrule Supreme Court precedent. Martinez v. Commonwealth, 42 Va. App. 9, 19, 590 S.E.2d 57, 62 (2003); Bostic v. Commonwealth, 31 Va. App. 632, 635-36, 525 S.E.2d 67, 68 (2000); Minor v. Commonwealth, 16 Va. App. 803, 805, 433 S.E.2d 39, 40 (1993); Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991). The majority's failure to reconcile the Triplett decision with its own view of the scope of the jurisdiction of both the circuit court and this Court negates the majority's conclusion.

### 2) Original or Appellate Jurisdiction?

The majority's treatment of the Triplett decision is not the only error I perceive. I believe the procedural implications of the majority's jurisdiction analysis are fundamentally inconsistent with other Virginia decisions.

Though the *nolle prosequi* order that prevented Wright from having a preliminary hearing was entered by the general district court, Wright later raised the issue in the circuit court in a pretrial motion to dismiss the indictment. The majority argues that because a circuit court cannot sit as an appellate court unless authorized by law, see Code § 17.1-513, and because no statute expressly grants the circuit court appellate jurisdiction to review a general district court's *nolle prosequi* order, the circuit court thus had no jurisdiction to grant Wright's pretrial motion to dismiss the indictment. Because an appeal to this Court lies from the final order of a circuit court, see Code § 17.1-406(A), the majority reasons that the error of the general district court fails to provide us with jurisdiction to reverse Wright's conviction. The crucial—and I believe erroneous—premise of each of the majority's jurisdictional holdings is that the granting of Wright's pretrial motion to dismiss the indictment would have required circuit court appellate jurisdiction over the earlier decision of the district court.

If one considers the majority's characterization of the circuit court's action as an exercise of "appellate jurisdiction" without reference to any other legal authority, such a characterization is plausible but not persuasive. Granting Wright's motion to dismiss the indictment would indeed resemble the work of an appellate court in one important way; it would have required a ruling by the circuit court that another court had erred in an earlier proceeding. But in other ways, the circuit court's authority to rule on Wright's pretrial motion was unlike an exercise of appellate jurisdiction as that term is commonly understood. First, the circuit court acquired jurisdiction over Wright's case by indictment, not by petition for appeal or writ of error, which are the usual procedural devices that bring criminal cases before appellate courts. Code § 19.2-239 describes the jurisdiction of the circuit court over indictments as "original jurisdiction," not appellate jurisdiction. Second, dismissal of the indictment in this case could be accomplished without reversing the district court's *nolle prosequi* order or remanding the case to

the general district court with instructions to conduct a preliminary hearing. The majority assumes that a circuit court's dismissal of an indictment because the defendant did not receive a preliminary hearing in the general district court pursuant to Code § 19.2-218 is an illegitimate exercise of appellate jurisdiction; this assumption is no more plausible than the contrary view— that the circuit court had a duty, pursuant to Rule 3A:9(b), to determine the implications of the general district court's erroneous *nolle prosequi* ruling upon the validity of the indictment over which the circuit court had original jurisdiction pursuant to Code § 19.2-239.

Rule 3A:9, like all of the rules in Part Three A of the Rules of the Supreme Court of Virginia ("Criminal Practice and Procedure"), applies to criminal proceedings in a circuit court. See Rule 3A:1. Rule 3A:9(b) provides that certain defenses, including "[d]efenses and objections based on *defects in the institution of the prosecution*," must be raised by motion before trial. (Emphasis added). If the defendant fails to raise such defenses and objections in a pretrial motion, the objections are waived. At least one learned treatise has described "objections to the lack of a preliminary hearing" as one example of the sort of objection to a defect in the institution of the prosecution that must be raised in writing before the *circuit court* at least seven days prior to trial. Ronald J. Bacigal, <u>Virginia Practice Series: Criminal Procedure</u> § 14:1, n.9 (2007-2008 ed.).

The text of Code § 19.2-218 strongly suggests that the erroneous failure of the general district court to conduct a preliminary hearing provides grounds for the type of objection described in Rule 3A:9(b).

> No person who is arrested on a charge of felony shall be denied a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and *no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused.*

- 21 -

Code § 19.2-218 (emphasis added). An indictment is one of several vehicles the Commonwealth may utilize to institute a felony prosecution in a circuit court. See Armel v Commonwealth, 28 Va. App. 407, 409, 505 S.E.2d 378, 379 (1998). Because the final clause of Code § 19.2-218 provides that "no indictment shall be returned" prior to preliminary hearing unless the accused waives that right, a violation of the defendant's statutory right to a preliminary hearing is a defect in the institution of the prosecution that must be raised in a pretrial motion before the circuit court pursuant to Rule 3A:9(b).

Before addressing the contradiction between the majority's jurisdictional analysis and prior Virginia decisions, it is important to emphasize the fundamental importance of jurisdiction to the *sequence* in which a court must consider and decide legal issues. Saint George Tucker wrote: "At the very threshold of this enquiry is the question of jurisdiction; a question first to be disposed of, since, without jurisdiction, this court has no authority to decide the merits of the controversy, except so far as they are inseparably connected with, and lay a foundation for, the exercise of jurisdiction." James River & Kanawha Co. v. Anderson, 39 Va. (12 Leigh) 278, 307 (1841) (Tucker, P., concurring). "Jurisdiction is always a threshold issue." Parrish v. Jessee, 250 Va. 514, 520, 464 S.E.2d 141, 145 (1995); see also XL Specialty Ins. Co. v. Dept. of Transp., 269 Va. 362, 367, 611 S.E.2d 356, 359 (2005); Green v. Commonwealth, 263 Va. 191, 194, 557 S.E.2d 230, 232 (2002); James v. Arlington County Bd. of Supervisors, 226 Va. 284, 289, 307 S.E.2d 900, 903 (1983); Hanger v. Commonwealth, 107 Va. 872, 873, 60 S.E. 67, 67 (1908); Uninsured Employers' Fund v. Kramer, 32 Va. App. 77, 82, 526 S.E.2d 304, 306 (2000); White v. Garraghty, 2 Va. App. 117, 118, 341 S.E.2d 402, 403 (1986).

Accordingly, a court must have jurisdiction before it may legitimately reach the merits of any case and proceed to resolve the merits in favor of either party. The majority holds that a circuit court has no jurisdiction to consider the effect of an error of a general district court upon

the validity of an indictment. The majority also holds that, because appellate courts hear appeals from the judgment of circuit courts, not general district courts, appellate courts have no jurisdiction to consider whether or not a general district court erred. If the majority is correct, one would expect to find no appellate decisions that reach the merits of the question of whether error was committed in a district court. The existence of several such Virginia appellate decisions contradicts the majority's holding.

In Williams v. Commonwealth, 208 Va. 724, 160 S.E.2d 781 (1968), the defendant was convicted of murder and appealed to our Supreme Court. At his preliminary hearing, the Commonwealth called witnesses and moved the judge to certify the case to the grand jury. Id. at 725, 160 S.E.2d at 782. The defendant objected that the motion was premature because he wished to call witnesses and because Code § 19.1-101 [now § 19.2-183] provided that the court should examine witnesses "for and against" the accused. Id.

> In their argument to the judge, however, counsel said that they intended to call witnesses who would testify about an incriminating oral statement and a written confession allegedly made by Williams. One of the defense counsel said: "[We] understand that the defendant made a statement. We feel that this is the best opportunity to bring it out. The circumstances growing out of that alleged statement." The other defense counsel said: "I . . . concur . . . . We should have an opportunity to submit evidence also on the confession."
>
> The county judge overruled defense counsel's objection and, without hearing further evidence, certified the case to the grand jury. The grand jury subsequently indicted Williams for murder.

Id.

The defendant's first assignment of error concerned "[t]he circuit court's overruling the motion to quash the indictment because of alleged error by the county judge at the preliminary hearing." Id. at 728, 160 S.E.2d at 784. If the majority's view of the jurisdictional issues in this case were correct, one would have expected the Supreme Court to announce that it had no

- 23 -

jurisdiction to consider this assignment of error because the alleged error was committed by the county court,[11] not the circuit court. One would also have expected the Supreme Court to have ruled that the circuit court had no jurisdiction to consider the defendant's motion to quash the indictment for the same reason. Instead, the Supreme Court reached the merits of the question and decided that the circuit court did not err in overruling the defendant's motion to quash the indictment because the county court correctly excluded the defendant's proffered evidence at the preliminary hearing.

> So counsel complained of the county judge's actions at the preliminary hearing not because they were denied the right to present evidence for Williams, but because they were denied the right to discover evidence that might be used by the Commonwealth at a subsequent trial in the circuit court. Neither Code § 19.1-101 [now § 19.2-183] nor any Rule of Court gave counsel for the accused the right to call witnesses at the preliminary hearing for the purpose of discovery. We therefore hold that the county judge was not required to permit counsel to call witnesses for the purpose of discovery, and that the circuit court committed no error in overruling the motion to quash the indictment.

Id. at 729, 160 S.E.2d at 784-85. Because jurisdiction is a threshold issue, it would have been improper for the Supreme Court to decide Williams on this basis if today's majority were correct in their view of the scope of either circuit court or appellate court jurisdiction.

The Court's approach in Foster v. Commonwealth, 209 Va. 297, 163 S.E.2d 565 (1968), is also inconsistent with the majority's view of the jurisdictional issues in this case. As in

---

[11] At the time Williams was decided, county courts were courts not of record later replaced by the statewide system of general (and juvenile and domestic relations) district courts encompassing all counties and cities as of July 1, 1973. 5A Michie's Jurisprudence, Courts § 41, at 312.

Williams, one of the defendant's assignments of error was the refusal of the hustings court[12] to quash the indictment because the defendant had been denied a proper preliminary hearing in the police court.[13]  Id. at 298, 163 S.E.2d at 566.  The defendant had summoned twelve witnesses for his preliminary hearing.  Id.

> The Commonwealth's attorney objected to the examination of [a particular police officer] and [several others], suggesting that the sole purpose of defense counsel was to indulge in a "fishing expedition."  Counsel for defendants argued that [a detective's] evidence would be relevant to some of the motions he had made during the preliminary hearing which had been overruled, and that "the defendants have the right to present evidence to contradict what the Commonwealth has put on and to bring out other features of their case at this time."  Counsel did not represent to the court that the evidence expected from the remaining eight police officers would either tend to show that no crime was committed or that any of the defendants was not connected with it.

Id. at 299, 163 S.E.2d at 566-67.  As in Williams, the Supreme Court held that the hustings court did not err in denying the defendant's motion to quash the indictment because the court not of record that conducted the defendant's preliminary hearing correctly determined that Code § 19.1-101 [now § 19.2-183] did not give the defendant the right to call witnesses at a preliminary hearing for the purposes of discovery.  Id. at 300, 163 S.E.2d at 568.  Again, jurisdiction is a threshold issue.  If the majority's view that an appellate court has no jurisdiction to consider whether an error committed at a preliminary hearing in a district court affected the validity of a defendant's indictment in a court of record, then there is simply no legitimate way that the proposition that a criminal defendant may not use a preliminary hearing for discovery purposes could ever have found its way into the pages of the opinions of *an appellate court*.

---

[12] "[H]ustings courts were courts of coordinate dignity with circuit court. . . ." 5A Michie's, supra, at 316.

[13] Police courts were also courts not of record later replaced by our statewide system of general (and juvenile and domestic relations) district courts as of July 1, 1973.  5A Michie's, supra, at 317.

The same conclusion is implicit in the reasoning of Moore v. Commonwealth, 218 Va. 388, 237 S.E.2d 187 (1977). In Moore, the defendant was arrested before her indictment and the general district court found no probable cause after a full presentation of the evidence at a preliminary hearing. Id. at 389, 237 S.E.2d at 189. The Commonwealth later obtained grand jury indictments for the same offenses in the circuit court, and the defendant moved the circuit court to dismiss the indictments. Id. at 390, 237 S.E.2d at 189. The defendant appealed, arguing that, having been arrested on a warrant, she could not be indicted on the same charges that had been dismissed after the presentation of evidence at her preliminary hearing. Id. at 393, 237 S.E.2d at 191. The defendant relied upon certain language from Webb v. Commonwealth, 204 Va. 24, 31, 129 S.E.2d 22, 27 (1963), stating that the legislature had changed the holding in Benson v. Commonwealth, 190 Va. 744, 58 S.E.2d 312 (1950), "by granting an accused the right to a preliminary hearing when he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury." Webb, 204 Va. at 31, 129 S.E.2d at 27. Our Supreme Court affirmed the defendant's conviction, noting that:

> The defendant dwells on the foregoing statement and argues it establishes that the *only* route to an indictment after arrest is through a preliminary hearing. In Webb, we were addressing a Benson-type situation in which the Commonwealth's Attorney bypassed a preliminary hearing and went directly to the grand jury when the defendant already had been arrested. The case at bar is quite different. *Here, defendant has been afforded a preliminary hearing; there has been no evasion of the probable cause determination.* And, there is nothing in Webb, or the statute, as we have said, which affords any additional guarantee to an accused under arrest except that he shall be entitled to a preliminary hearing "prior" to the bringing of an indictment against him on the same charge.

Moore, 218 Va. at 395, 237 S.E.2d at 193 (emphasis added). Again, the clear implication is that, if the defendant in Moore had not been afforded a preliminary hearing by the general district court, her conviction would have been reversed because the circuit court's denial of her motion

- 26 -

to dismiss the new indictments against her would have been error. There would have been no reason to include the above language in the Moore decision if the case could have been resolved on the narrower, threshold issue of subjection matter jurisdiction.

In Lebedun v. Commonwealth, 27 Va. App. 697, 501 S.E.2d 427 (1998), the defendant was arrested for robbery and had a preliminary hearing in the general district court.

> The circuit court granted Lebedun's in forma pauperis motion to provide a court reporter to record and transcribe the testimony at the preliminary hearing. However, the court reporter did not appear at the preliminary hearing. After advising the general district court judge that a court reporter had been authorized to transcribe the hearing and was not present, Lebedun made a motion for a continuance of the preliminary hearing. Apparently, no effort was made to obtain the services of another court reporter. The Commonwealth objected to a continuance, noting that seven witnesses were present and prepared to testify. The general district court denied the motion for continuance. Lebedun's counsel tape recorded the preliminary hearing, but, according to Lebedun, several portions of the witnesses' testimony were inaudible or incomplete. On appeal, Lebedun asks us to dismiss the indictment and remand the case to the general district court for a preliminary hearing with a court reporter.

Id. at 712, 501 S.E.2d at 434. In deciding this question, this Court noted that a ruling on a motion for a continuance rests within the sound discretion of the trial court. Id. Partly because of the presence of several witnesses who would have been inconvenienced by a continuance, and partly because the defendant did not show prejudice from the denial of his continuance request, this Court affirmed the defendant's conviction. "We find that, under the circumstances, the general district court's denial of the motion for a continuance was not an abuse of discretion. Accordingly, we decline to dismiss the indictment and remand the case to the general district court for a preliminary hearing." Id. at 714, 501 S.E.2d at 435. If this Court has no appellate jurisdiction to consider alleged legal errors committed by general district courts, as the majority's logic suggests, it is difficult to understand why this Court reached the merits of the continuance issue in Lebedun.

- 27 -

Of course, the *en banc* Court of Appeals has the power to overturn or modify Lebedun. Code § 17.1-402(d). But it has no power to overturn Williams, Foster or Moore. Each of these cases strongly suggests that a circuit court's original jurisdiction over an indictment pursuant to Code §§ 17.1-513 and 19.2-239 provides it with authority to decide a motion to dismiss an indictment alleging the accused was unlawfully denied a preliminary hearing, a motion that must be made in writing seven days prior to trial pursuant to Rule 3A:9(b). If the circuit court had no jurisdiction to grant such a motion, as the majority argues, our Supreme Court would have so held. The procedural posture of Williams and Foster, in both the circuit (or hustings) courts and in the Supreme Court was identical to the procedural posture of Wright's case. In each case, the defendant moved to dismiss the indictment based on an alleged error committed by a court not of record during his preliminary hearing. And, in each case, the Supreme Court reached the merits of the issue, deciding that the court not of record did not err and that the circuit (or hustings) court was, therefore, correct in refusing to dismiss the indictment. Foster, 209 Va. at 300-01, 163 S.E.2d at 568; Williams, 208 Va. at 729, 160 S.E.2d at 784-85.

The majority is unsuccessful in their attempt to distinguish these cases. Williams and Foster, the majority argues, are different from this case because they reviewed the disputed evidentiary rulings of a court not of record, rulings that were made during the same continuous prosecution that eventually reached our Supreme Court on direct appeal. In this case, the argument continues, the original prosecution was terminated by the disputed *nolle prosequi* order; and we have no jurisdiction to review errors in the terminated prosecution. This distinction ceases to be tenable in light of my analysis in the portion of Part 3 of this dissent discussing our precedents interpreting Code § 19.2-265.3. For the reasons offered there, the language in our cases stating that a *nolle prosequi* terminates the charge as though it had never existed is qualified by the need for a deferential inquiry into whether the *nolle proseuqui* of the

offense in the earlier proceeding was supported by good cause.  See discussion, infra, at 38.  The majority opinion makes no response to this argument.

Moreover, the majority's treatment of Foster and Williams creates an illogical result.  The majority essentially concedes, in their attempt to distinguish these cases, that they would reverse the conviction of a defendant if his right to call for evidence in his favor at his preliminary hearing pursuant to Code § 19.2-183 was unlawfully denied by the ruling of a district court.  Such an error would, after all, occur in the course of the same continuous prosecution that might make its way to this Court on direct appeal.  But the majority would refuse – and today does refuse – to reverse the conviction of a defendant who was denied any aspect of a preliminary hearing in violation of Code § 19.2-218.  This reasoning offers the remedy of reversal and new trial to correct a Code § 19.2-183 procedural violation in the *course of a preliminary hearing* while denying the possibility of any remedy whatsoever for an accused who receives *no preliminary hearing*.

The majority's effort to distinguish Moore is no more successful.  "Moore involved two issues:  first, whether the Double Jeopardy Clause precluded further prosecution after dismissal at a preliminary hearing; and second, whether the statute required a preliminary hearing once the defendant was indicted for the same offense."  Supra, at note 8.  Their characterization of the second issue is misleading.  "The second question presented by defendant is whether, under 'the statutory scheme' in Virginia, dismissal of felony charges against an accused at a preliminary hearing prohibits a subsequent indictment against the defendant on the same charges."  Moore, 218 Va. at 393, 237 S.E.2d at 191.  In resolving this question, our Supreme Court found it necessary to mention that:

> Here, defendant *has* been afforded a preliminary hearing; there has
> been no evasion of the probable cause determination.  And there is
> nothing in Webb, or the statute, as we have said, which affords any
> *additional* guarantee to an accused under arrest except that he shall

- 29 -

be entitled to a preliminary hearing "prior" to the bringing of an indictment against him on the same charges.

Id. at 395, 237 S.E.2d at 193 (emphasis added). The Supreme Court's resolution of this question necessarily adopts the view that they had jurisdiction to reverse the defendant's conviction if the record in that case had shown that the defendant, like Wright, had not received a preliminary hearing prior to her indictment.

### 3) Statutory Interpretation

The majority does not contend that the proceedings below complied with the text of Code §§ 19.2-218 and 19.2-265.3. They do not aver, for example, that the Commonwealth can somehow satisfy the "good cause" requirement of Code § 19.2-265.3 without offering some reason for seeking an order of *nolle prosequi*. Nor do they dispute that Wright was arrested for a felony offense, that the arrest preceded her indictment for the same offense in the circuit court, that she never received a preliminary hearing, and that she did not waive her right to a preliminary hearing. The only logical attempt by the majority to reconcile the validity of Wright's conviction with the clear violation of these statutes is to state that *it does not matter* that these statutes were violated. Pursuant to the majority's view of jurisdiction, Wright has no remedy in either the circuit court or in this Court for the general district court's violations of Code §§ 19.2-218 and 19.2-265.3. As the first two parts of this dissent have explained, I believe these jurisdictional holdings are untenable because they contradict controlling precedents of our Supreme Court.

If the majority were right about jurisdiction, however, the doctrine of judicial restraint would counsel the wisdom of ignoring the merits of Wright's argument that the circuit court violated her right to a preliminary hearing pursuant to Code § 19.2-218. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (en banc). I note that the majority's holding on the question of jurisdiction, which is the most narrow basis for decision, is

*preceded* by a discussion both irrelevant and unnecessary to the majority's ultimate reason for deciding the case as they do, i.e. jurisdiction. Specifically, the majority argues that reasons that the legislature created a statutory right to a preliminary hearing do not apply in Wright's case and that the indictment in the circuit court mooted any violation of Code § 19.2-218.

I believe this argument is faulty for at least two reasons. First, it is a common form of legal reasoning to examine the perceived rationale for the existence of a rule or statute and then to ask whether the application of that rule or statute in a particular case does or does not serve that perceived rationale. But it is unusual, when a case requires statutory interpretation, to analyze *only* the perceived rationale for the statute and to ignore the statutory text. Second, for the reasons set out in detail in the panel decision in this case, Wright v. Commonwealth, 51 Va. App. 628, 640-46, 659 S.E.2d 583, 589-92 (2008), I believe the majority's argument regarding the rationale for Code § 19.2-218 is inconsistent with the statutory text. The majority makes no attempt to explain this inconsistency.

Like the majority's citation to Triplett and the suggestion that Wright was not entitled to preliminary hearing "on these facts," this argument is logically irrelevant to the jurisdictional issue on which the case is decided and serves only a stylistic purpose. Emphasizing the limited practical consequences that clear violations of Code §§ 19.2-218 and 19.2-265.3 imposed upon Wright is no substitute for an analysis of the text of those statutes as applied to Wright, I shall make that analysis.

Code § 19.2-218

The majority contends that, to be entitled to a preliminary hearing, Wright

> needed to show one of two things: (1) that the district court's order of *nolle prosequi* was void *ab initio* and that she therefore remained charged at the time of her indictment; or (2) that the order of *nolle prosequi* was voidable and the circuit court had the authority to review the order, reverse it for error, and reinstate the original warrant.

See discussion supra at 9. The majority cites no authority for this proposition, and none of the language quoted above can be found in the text of Code § 19.2-218, which expressly provides that "no person who is arrested on a charge of felony shall be denied a preliminary hearing . . . and no indictment shall be returned in a court of record against any such person unless such hearing is waived in writing by the accused." "In construing a statute, we must apply its plain meaning, and 'we are not free to add [to] language, nor to ignore language, contained in statutes.'" BBF, Inc. v. Alstom Power, Inc., 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007) (quoting SIGNAL Corp. v. Keane Federal Sys., Inc., 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003)). Thus, Wright established she was entitled to a preliminary hearing when she demonstrated that she was arrested on a felony warrant prior to her indictment in the circuit court. By its terms, Code § 19.2-218 imposed no additional burden on Wright beyond this, and the majority ignores a fundamental rule of statutory interpretation in choosing to add language to the statute that the legislature did not see fit to include.

The majority argues that Wright's indictment in the circuit court mooted the error of the general district court in granting the Commonwealth's original motion to *nolle prosequi* the earlier charge without good cause. The majority emphasizes that both a grand jury indictment and a preliminary hearing act as screening procedures. The purpose of each procedure is to establish probable cause before an accused may be tried in a court of record for a felony. See Webb, 204 Va. at 31, 129 S.E.2d at 28. Thus, the argument continues, the indictment in the circuit court gave back to Wright exactly what she was unlawfully denied in the general district court, i.e. a probable cause determination before her trial.

The legislature is presumed to know the law when enacting legislation. See Charles v. Commonwealth, 270 Va. 14, 19, 613 S.E.2d 432, 434 (2005). We must, therefore, presume that the legislature knew when it enacted Code § 19.2-218 that both a preliminary hearing and a

grand jury indictment operate as screening procedures for a probable cause determination. Nevertheless, the legislature decreed that, "no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused." Code § 19.2-218. According to the plain language of the statute, the validity of any indictment against a person who has been arrested prior to indictment depends upon the occurrence of a preliminary hearing or a valid waiver. The majority's suggestion that a subsequent indictment cures any violation of Code § 19.2-218 ignores the express command of the legislature.

Moreover, if the legislature had intended that a circuit court indictment would cure any prior violation of Code § 19.2-218, it knew how to achieve this result. We know this because the legislature *has* expressly provided that the failure to observe certain statutory procedures before a juvenile and domestic relations district court may transfer jurisdiction of a juvenile to the circuit court are cured by a subsequent indictment in the circuit court. "An indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile's age." Code § 16.1-269.1(E); see Barnes v. Commonwealth, 33 Va. App. 619, 628, 535 S.E.2d 706, 711 (2000) ("The Code of Virginia is replete with references to the violation of specific abduction statutes, and, therefore, if the legislature had intended to limit Code § 18.2-32 to abduction in violation of Code § 18.2-48, it would have done so, as it did in so many other statutes."); Bishop v. Commonwealth, 20 Va. App. 206, 211; 455 S.E.2d 765, 767-68 (1995) ("Had the legislature intended for courts to impose a felony sentence solely upon proof that an habitual offender drove after consuming alcohol, the legislature could have included such a penalty, as it did in subsection (B)(3)."); Broomfield v. Jackson, 18 Va. App. 854, 858, 447 S.E.2d 880, 882 (1994) ("When the legislature has deemed it prudent to do so, it has made specific reference in the APA to selected provisions of Title 8.01. See, e.g., Code § 9-6.14:5.");

Williams v. Commonwealth, 5 Va. App. 514, 519, 365 S.E.2d 340, 343 (1988) ("If the legislature intended to make knowledge or intent an element of the offense of speeding, it would have done so as it has with other offenses in the Motor Vehicle Code. See, e.g., Code § 46.1-15.1." (citations omitted)).

The majority opinion ignores not only the plain language of Code § 19.2-218 but also the clear intent of the legislature in enacting it. In 1950, our Supreme Court decided Benson, 190 Va. 744, 58 S.E.2d 312. The defendant in Benson was arrested on a felony warrant and insisted that the police court (the forerunner of the general district court, see supra note 14) conduct a preliminary hearing before witnesses were allowed to testify before a grand jury. Id. at 749-50, 58 S.E.2d at 314. Instead of holding a preliminary hearing, the Commonwealth dismissed the warrant. Id. Our Supreme Court held that a defendant arrested on a warrant "had no right, either statutory or constitutional, to be afforded a preliminary hearing prior to the finding of the indictment or to his trial thereon." Id. at 750, 58 S.E.2d at 314. Thereafter, as the Supreme Court observed in Webb, the legislature acted to alter the holding in Benson.

> It may reasonably be assumed from the language in Code § 19.1-163.1 [now Code § 19.2-218] that it was enacted to change the effect of our holding in the Benson case by granting an accused the right to a preliminary hearing when he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury.

Webb, 204 Va. at 31, 129 S.E.2d at 27. Because the legislature created the statutory right to a preliminary hearing to change the result of Benson, and because the result of Benson was that the conviction of a defendant arrested for a felony prior to indictment would not be reversed on account of the refusal of a *court not of record* to conduct a preliminary hearing, it is logical to assume that the legislature, in enacting Code § 19.2-218, intended that the statute would apply to courts not of record and that violations of the statutory right to a preliminary hearing would be reversible error.

Other decisions discussing the statutory right to a preliminary hearing are in accord with this conclusion. In Webb, the Supreme Court ruled that the statutory right to a preliminary hearing applied only to persons arrested before indictment and held that

> under the procedure followed in [Webb] the statute has no application. It applies to a person who has been arrested on a felony charge prior to an indictment by a grand jury. Here the defendant had not been arrested or charged with any offense prior to the return of the indictment.

Id. at 31, 129 S.E.2d at 27-28. It is true that the Court stated in Webb that "[it] has consistently held that a preliminary examination of one accused of committing a felony is not necessary where an indictment has been found against him by a grand jury." Id. at 30-31, 129 S.E.2d at 27. However, the only authorities the Court cited for this proposition were Benson and Jones v. Commonwealth, 86 Va. 661, 10 S.E. 1005 (1890). The Supreme Court decided both of these cases *before* the legislature created a statutory right to a preliminary hearing in 1960.

It was the fact that the defendant had not been arrested prior to indictment, not the theory that an indictment cures any prior errors in the prosecution, that persuaded our Supreme Court to affirm the defendants' convictions in both Webb and Land v. Commonwealth, 211 Va. 223, 224-25, 176 S.E.2d 586, 587-88 (1970). In Land, the Court explained,

> [The defendant] takes the position that when he was taken to police headquarters for questioning he was arrested and thus brought within the provisions of Code § 19.1-163.1 [now Code § 19.2-218]. We do not agree.
>
> The record shows that [the defendant] twice went voluntarily to the police station, as indeed he admitted, and that each time he freely departed at the conclusion of the interview. He was not arrested until several weeks later, after the grand jury had indicted him. Hence [the defendant] was not entitled to a preliminary hearing and the trial court properly overruled his motion to quash the indictments.

Id. at 225, 176 S.E.2d at 588. It is difficult to see why the Supreme Court would trouble itself to explain that the defendant went to the police station voluntarily and, therefore, had no statutory

- 35 -

right to a preliminary hearing if the fact of his subsequent indictment meant that no violations of the defendant's statutory right to a preliminary hearing that might have occurred before he was indicted could possibly affect the validity of his conviction. If valid, the principle that an indictment "cures" any prior irregularities would have been a more narrow rationale for affirming the trial court's decision. The clear implication is that the Supreme Court would have reversed the defendant's conviction if the defendant had been arrested before the indictment and been unlawfully denied his statutory right to a preliminary hearing.

The same implication is present in the reasoning of <u>Moore</u>, 218 Va. 388, 237 S.E.2d 187, already mentioned in my discussion of the jurisdictional issues in this case. In deciding <u>Moore</u>, our Supreme Court made a careful effort to distinguish the defendant's situation from a situation in which reversal would be required.

> The case at bar is quite different. Here, defendant has been afforded a preliminary hearing; there has been no evasion of the probable cause determination. And, there is nothing in <u>Webb</u> or the statute, as we have said, which affords any additional guarantee to an accused under arrest except that he shall be entitled to a preliminary hearing "prior" to the bringing of an indictment against him on the same charge.

<u>Id.</u> at 395, 237 S.E.2d at 193. There would be no reason to include this language in the <u>Moore</u> decision if the case was susceptible of resolution on the narrower ground that the defendant's later indictment cured any prior claims she may have had regarding her statutory right to a preliminary hearing. "An appellate court decides cases on the 'best and narrowest grounds available.'" <u>Luginbyhl</u>, 48 Va. App. at 64, 628 S.E.2d at 77 (quoting <u>Air Courier Conference v. Am. Postal Workers Union</u>, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)). Because we are obliged to assume that our Supreme Court followed this principle in deciding <u>Webb</u>, <u>Land</u>, and <u>Moore</u>, the majority is wrong to suggest that the indictment in the circuit court cured the violation of Wright's right to a preliminary hearing.

- 36 -

Code § 19.2-265.3

The majority relies on <u>Armel</u> for the proposition that a person whose charges are dismissed by an order of *nolle prosequi* is not under legal restraint because "the situation is the same as if 'the Commonwealth had chosen to make no charge.'"  <u>Armel</u>, 28 Va. App. at 409, 505 S.E.2d at 380.  However, the cases interpreting Code § 19.2-265.3 expressly qualify the extent to which a *nolle prosequi* "terminates the charges . . . as if they had never existed."  Indeed, our Supreme Court has expressly defined a standard of review for an appellate court's ruling on a criminal defendant's claim that the *nolle prosequi* of the same offense in an earlier proceeding was not based on good cause as defined in Code § 19.2-265.3:

> We review the granting of a motion for *nolle prosequi* under well-settled principles of law.  Code § 19.2-265.3 provides that "nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefore shown."  The express language of the statute commits a finding of good cause to the discretion of the trial court.  "In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court.  Rather, we consider only whether the record fairly supports the trial court's action."  <u>Beck v. Commonwealth</u>, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997).  Accordingly, the granting of a motion for a *nolle prosequi* will only be overturned if there is clear evidence that the decision to grant the motion was not judicially sound.

<u>Harris v. Commonwealth</u>, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999).

> During oral argument, the Commonwealth further contended that [the defendant] is barred from collaterally challenging the granting of the motion for *nolle prosequi*, asserting that his remedy was to have challenged the trial court's action on direct appeal.  We disagree. . . . [The defendant's] right of appeal accrued only when he was convicted under the second indictment.  The issues before us arise from his assertion of his speedy trial rights, *including the claim that the original indictment was improperly terminated during that prosecution*.

<u>Id.</u> at 583 n.4, 520 S.E.2d at 829 n.4 (emphasis added).  If no court could consider the reasons for another court's prior order to *nolle prosequi* the same charge in an earlier proceeding, our

Supreme Court would never have set forth a standard for the appellate review of *nolle prosequi* orders. Moreover, the Supreme Court's rejection of the Commonwealth's argument that a criminal defendant is barred from collaterally attacking the *nolle prosequi* of the same offense in an earlier proceeding is also inconsistent with the unqualified assertion that the *nolle prosequi* invariably "'lays to rest the indictment and the underlying warrant, as though they never existed.'" Burfoot v. Commonwealth, 23 Va. App. 38, 44, 473 S.E.2d 724, 727 (1996) (quoting Arnold v. Commonwealth, 18 Va. App. 218, 222, 443 S.E.2d 183, 185 (1994)).

The majority's description of the authorities interpreting Code § 19.2-265.3 is, therefore, misleading because it fails to recognize that the foregoing language is qualified by the need, pursuant to Harris, for a narrow and deferential inquiry into whether good cause existed for the *nolle prosequi* of the same offense in an earlier proceeding when the defendant alleges that the *nolle prosequi* of the same offense in the earlier proceeding was without good cause. Consistent with our analysis of the majority's jurisdictional holdings in Part 2 of this dissent, I believe that a circuit court must undertake a similar inquiry when the defendant makes a pretrial motion to dismiss the indictment based on the denial of his statutory right to a preliminary hearing pursuant to Rule 3A:9(b).

Finally, the majority's decision to affirm Wright's conviction is inconsistent with the text of Code § 19.2-265.3. "Pursuant to the plain language of Code § 19.2-265.3, the Commonwealth is not entitled to a nolle prosequi unless it demonstrates the requisite good cause." Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006). Again, it is undisputed that the Commonwealth offered no reason for the motion to *nolle prosequi* Wright's case in the general district court. This statute commits the *nolle prosequi* decision "to the discretion of the court." If the legislature believed the type of court was relevant to the intended scope of the statute's application, the legislature could have used the language, "court of record," instead. This

language would have restricted the application of the "good cause" provision of Code § 19.2-265.3 to *circuit court nolle prosequi* orders and would have compelled us to affirm Wright's conviction. But the statute, as written, does not contain this language. "For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." Haley v. Haley, 272 Va. 703, 707, 636 S.E.2d 400, 402 (2006) (quoting Town of Crewe v. Marler, 228 Va. 109, 113-14, 319 S.E.2d 748, 750 (1984)). "Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed." Alston v. Commonwealth, 274 Va. 759, 774, 652 S.E.2d 456, 464 (2007) (quoting Chase v. DaimlerChrylser Corp., 266 Va. 544, 547-48, 587 S.E.2d 521, 522 (2003)).

Moreover, Code § 19.2-265.3 is located in Chapter 15 ("trial and its incidents") of Title 19.2 of the Code of Virginia ("Criminal Procedure"). Other sections of Title 19.2, Chapter 15, refer to a specific court where the legislature specifically intends the section to apply only to a specific court. See Code § 19.2-241 ("The judge of each circuit court shall fix a day . . . ."); § 19.2-243 ("Where a general district court has found that there is probable cause . . . ."); § 19.2-251 ("A circuit court may, on motion of the accused or the Commonwealth, for good cause, order the venue for the trial of a criminal case . . . ."); § 19.2-258.1 ("For any traffic infraction cases tried in a district court . . . ."); § 19.2-265.4 ("In any criminal prosecution for a felony in a circuit court or for a misdemeanor brought on direct indictment . . . ."). The presence of this specific language in these sections of Title 19.2 Chapter 15 further suggests the legislature intended that Code § 19.2-265.3 apply to district courts as well as circuit courts.

CONCLUSION

For these reasons, I would hold the circuit court committed reversible error when it overruled Wright's timely objection that the unlawful *nolle prosequi* of the same offense in an earlier district court proceeding deprived her of her statutory right to a preliminary hearing pursuant to Code § 19.2-218. I would reverse her conviction and dismiss the indictment without prejudice.

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Monday** *the* **12th** *day of* **May, 2008**.

Stacey Lynn Wright, Appellant,

against        Record No. 2986-06-4
                 Circuit Court No. FE-2006-0000255

Commonwealth of Virginia, Appellee.

Before the Full Court

Pursuant to Code § 17.1-402(D), the Court, on its own motion, has decided to hear this case *en banc*. Because the merits of the appeal have been addressed in the briefs previously filed with the Court, no further briefing is required. Each party shall submit ten additional copies of their previously-filed briefs. In addition, the appellant shall submit ten additional copies of the appendix previously filed. All additional copies should be submitted by May 16, 2008.

In accordance therewith, the mandate entered herein on April 22, 2008 is stayed pending the decision of the Court *en banc* and the appeal is reinstated on the docket of this Court.

A Copy,

Teste:

Clerk

COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


STACEY LYNN WRIGHT
                                                            OPINION BY
v.      Record No. 2986-06-4                      JUDGE JAMES W. HALEY, JR.
                                                            APRIL 22, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                Randy I. Bellows, Judge

             Nina J. Ginsberg (DiMuroGinsberg, P.C., on briefs), for appellant

             Donald E. Jeffrey, III, Assistant Attorney General (Robert F.
             McDonnell, Attorney General, on brief), for appellee.


        Stacey Lynn Wright ("Wright"), who was arrested on a warrant before her indictment in

the Fairfax County Circuit Court, maintains that the circuit court erred in refusing to dismiss a

direct indictment that violated the terms of Code § 19.2-218.  The record shows that the

Commonwealth failed to articulate any cause for moving for a *nolle prosequi* of the same charge

in an earlier proceeding in the general district court.  We hold that Code § 19.2-265.3 requires

the Commonwealth to provide a reason for seeking a *nolle prosequi* before such motion may be

granted.  We further hold that because Wright was arrested on a warrant, and that warrant was

dismissed by the issuance of an improper *nolle prosequi* order, her later indictment for the same

offense in the circuit court unlawfully violated her statutory right to a preliminary hearing

pursuant to Code § 19.2-218.  Because Wright made a timely objection to this violation of her

right to a preliminary hearing, we reverse Wright's conviction and dismiss the indictment

without prejudice.

FACTS

In conjunction with an arrest for driving while intoxicated on November 19, 2005, Wright was

also charged with felony assault upon Virginia State Trooper B.C. Patton. Also

present at the scene was State Trooper J.H. Wolford.

The Fairfax County General District Court scheduled a preliminary hearing on the felony charge

for January 23, 2006. On that day, the parties agreed to continue the case until

February 15, 2006. On February 15, 2006, Troopers Patton and Wolford were both

present in the Fairfax County General District Court and apparently ready to testify

about the events of November 19, 2005.

However, the Commonwealth moved instead to *nolle prosequi* the felony assault charge against

Wright. No reason was apparently given by the Commonwealth for the requested

*nolle prosequi*. Wright's counsel objected to the motion, arguing that the

Commonwealth had not shown good cause for the *nolle prosequi*.

> [T]his young lady was charged on a warrant. She was arrested on
> a warrant. She has a statutory right to [a] preliminary hearing.
>
> It now appears to be counsel's practice, and it has happened
> in other matters as well, to nol pros cases at the preliminary
> hearing and then to direct indict . . . systematically . . . depriving
> folks of their right to a preliminary hearing.

When asked by the judge if he had anything to say in response to defense counsel's claim,

counsel for the Commonwealth responded, "No, sir." The judge then granted the

motion to *nolle prosequi*, stating only that any "fight" regarding the defendant's

rights was "for another court on another day."

The Commonwealth later secured direct indictments in the circuit court for two counts of felony

assaulting a police officer, one involving Trooper Patton and one involving Trooper

Wolford with offense dates of November 19, 2005. Wright filed a motion in the

circuit court to dismiss the indictment concerning Trooper Patton or, in the

alternative, to remand to the general district court for a preliminary hearing.  At the

hearing on Wright's motion to dismiss, the Commonwealth was represented by a

different Assistant Commonwealth's Attorney.  Also at the hearing, defense counsel

successfully introduced into evidence a transcript of the proceedings in the general

district court.  He also made a proffer describing those proceedings.  Defense counsel

told the trial court:  "So the Commonwealth never made an attempt to show good

cause knowing that the general district court was going to grant their motion because

it was made."  Wright argued to the circuit court that the Commonwealth's

manipulation of the proceedings to deny her right to a preliminary hearing was not

good cause for a *nolle prosequi*.  The judge asked the Assistant Commonwealth's

Attorney whether she had any response to the proffer of defense counsel.  She

mentioned that she had only a single disagreement with his description of the

proceedings:

> I certainly faxed [defense counsel] the Commonwealth's intention,
> via letter, to straight indict his client prior to the grand jury to give
> him notice, and that would be one of the only corrections I have.
> Other than that, with respect to the statement of facts, I can't speak
> to the [name of an otherwise unrelated case also involving a
> disputed *nolle prosequi*] matter, but with respect to the statement
> of facts on the Wright matter, he's almost exactly on point.

The circuit court denied Wright's motion, adopting the view that the circuit court had no

authority to dismiss the indictments based on the alleged error of a general district

court judge.  The judge stated:

> I think [defense counsel] raises some interesting issues of the tactics of the
> Commonwealth Attorney, but I don't think that I am the source of
> correction if in fact those are the tactics.  I think to do so would be
> to go behind the nol pros ruling.  That's where the issue is fairly
> joined, where the Commonwealth moves to nol pros and they're
> there at the preliminary hearing and the judge has the opportunity

- 3 -

to hear whether there was good cause.

Now [defense counsel] says well, there was absolutely no evidence of that, but nonetheless, there's not a procedure for me to review the record and decide whether the General District Court Judge or the Juvenile and Domestic Relation District Judge was correct.

And to grant this motion I would have to decide that those nol proses were improperly granted, and for all those reasons, I'm going to deny the motion to dismiss and/or remand for preliminary hearing.

At a bench trial on August 29, 2006, Wright was found guilty of the assault against Trooper Patton and not guilty of the assault against Trooper Wolford. This appeal followed.

ANALYSIS

(1)

"Nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." Code § 19.2-265.3. An order of *nolle prosequi* discharges the accused from liability on the charges for which the *nolle prosequi* is entered. Miller v. Commonwealth, 217 Va. 929, 933, 234 S.E.2d 269, 272 (1977). If a *nolle prosequi* is entered before jeopardy attaches, it will not generally bar future prosecution for the same offense. Cantrell v. Commonwealth, 7 Va. App. 269, 281, 373 S.E.2d 328, 333 (1988). At common law, the decision to *nolle prosequi* rested solely with the prosecutor. In re Richards, 213 F.3d 773, 782 (3d Cir. 2000); Confiscation Cases, 74 U.S. (7 Wall.) 454, 457 (1868). However, the Virginia legislature and the legislatures of several other jurisdictions have placed statutory limits on the prosecutor's discretion. In Virginia, the statutory limit on that discretion is the good cause provision of Code § 19.2-265.3. "Pursuant to the plain language of Code § 19.2-265.3, the Commonwealth is not entitled to a nolle prosequi unless it demonstrates the requisite good cause." Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006).

We have written that a *nolle prosequi* "'lays to rest that indictment and the underlying warrant, as though they never existed.'" Burfoot v. Commonwealth, 23 Va. App. 38, 44, 473 S.E.2d 724, 727 (1996) (quoting Arnold v. Commonwealth, 18 Va. App. 218, 222, 443 S.E.2d 183, 185 (1994)). However, when a criminal defendant has argued that the trial court erred in failing to dismiss a new charge because there was no good cause for the *nolle prosequi* of the same offense in an earlier proceeding, Virginia appellate courts have considered and decided whether there was a proper reason for the *nolle prosequi* in the earlier proceeding, provided the defendant objected to the *nolle prosequi* in the earlier proceeding and moved to dismiss the indictment in the trial court after the Commonwealth secured a new indictment alleging the same offense. See Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999); Arnold, 18 Va. App. at 222, 443 S.E.2d at 185-86; Battle v. Commonwealth, 12 Va. App. 624, 630, 406 S.E.2d 195, 198-99 (1991); Cantrell, 7 Va. App. at 280, 373 S.E.2d at 333. In reviewing the granting of a motion for *nolle prosequi*, an appellate court does not substitute its judgment for that of the trial court; we consider only whether the record fairly supports the trial court's action. Harris, 258 Va. at 583, 520 S.E.2d at 829. "However, deferential review does not mean no review at all." Money Store, Inc. v. Harriscorp Finance, Inc., 885 F.2d 369, 372 (7th Cir. 1996).

In Harris, our Supreme Court upheld a lower court's granting of a *nolle prosequi* when the Commonwealth was not ready to go forward with the prosecution due to the lack of certain documentary evidence, in part due to a lack of foresight and preparation and in part due to "factors beyond the Commonwealth's direct ability to control." Harris, 258 Va. at 584 n.5, 520 S.E.2d at 830 n.5. In Arnold, we upheld the granting of a *nolle prosequi* because the prosecutor had difficulty securing the attendance of important witnesses. Arnold, 18 Va. App. at 222, 443 S.E.2d at 186. In Cantrell, we upheld the granting of a *nolle prosequi* due to technical difficulties in the indictment.

> The trial court's decision to grant the *nolle prosequi* motion was out of concern for the possible "taint" on the indictment. The trial court did not want to "sit here for three or four days . . . trying the case that might be reversed for this particular reason . . . ." We do not address, nor do we decide, whether any alleged defect in the original indictment was waived. The trial judge's decision to grant the *nolle prosequi* was for good cause shown and within his discretion. Had the trial court not granted the motion, undoubtedly we would be faced today with the issue whether the "tainted" indictment requires dismissal.

Cantrell, 7 Va. App. at 280, 373 S.E.2d at 333.

Battle is the only decision of this Court reversing a trial court's decision to grant the Commonwealth's motion to *nolle prosequi*. In Battle, the defendant was on trial for simple possession of cocaine, grand larceny and possessing a firearm together with cocaine. At trial, the defendant's attorney successfully objected to the admission into evidence of a notebook because the Commonwealth had not informed the defendant about the notebook before trial as required by the discovery order. Battle, 12 Va. App. at 628, 406 S.E.2d at 197.

> The Commonwealth's attorney retorted: "I will tell you quite frankly, the Commonwealth is thinking about nol-prossing the case and bringing up a Motion for Distribution." The trial judge then told Battle's counsel that Battle had the choice of withdrawing his objection to the notebook's introduction in evidence or suffering the nolle pros with the risk of the Commonwealth later bringing more severe charges. The Commonwealth's attorney then stated: "We will continue it and just do simple possession, [or] nol-press it, [and] return the larger charge." When Battle refused to forego the ruling barring the notebook, the trial judge over Battle's objection granted the motion to nolle pros the charges.

Id. The Commonwealth obtained new indictments, including one count of possessing cocaine with the intent to distribute. Id. We reversed the defendant's conviction, holding that the trial court erred in denying the defendant's motion to dismiss the new indictments because there was no good cause for the *nolle prosequi* in the earlier proceeding and because the prosecutor's actions constituted prosecutorial vindictiveness. Id. at 631, 406 S.E.2d at 198. "A defendant's

refusal to withdraw an objection to the admissibility of excluded evidence does not constitute good cause . . . . Nolle prosequi is no remedy for the Commonwealth's failure to properly prepare its case or to timely respond to discovery." Id. at 631 n.2, 406 S.E.2d at 198 n.2.

This case presents a question that was not raised in any of our prior *nolle prosequi* decisions. In each of the cases we have described, the Commonwealth's attorney articulated a reason for moving for a *nolle prosequi*. Harris, Arnold, and Cantrell decided, given our deferential standard of review, that the reasons offered by the Commonwealth's attorneys in those cases each constituted good cause for a *nolle prosequi*. Harris, 258 Va. at 584, 520 S.E.2d at 829-30; Arnold, 18 Va. App. at 222, 443 S.E.2d at 186; Cantrell, 7 Va. App. at 280, 373 S.E.2d at 333. In Battle, we decided that the reason offered by the Commonwealth's attorney was not good cause as a matter of law. Battle, 12 Va. App. at 631 n.2, 406 S.E.2d at 198 n.2. In this case, the Assistant Commonwealth's Attorney offered no reason at all for his decision to seek a *nolle prosequi*.

The Commonwealth's brief suggests that the Assistant Commonwealth's Attorney may have offered a reason for the *nolle prosequi* before the court reporter began keeping a record of the proceedings. We reject this suggestion because it is clear from the transcript that the Commonwealth expressly refused to supply a reason for its motion when the judge asked it if it had any response to defense counsel's objection. Our duty is to base our decision on the facts in the record, not on speculation and conjecture. The Commonwealth had the opportunity to offer reasons for the motion to *nolle prosequi* at two separate hearings in two different courts. Transcripts of both of these hearings are in the record before us, and neither of them reflects any effort by the Commonwealth to provide any reason for the Commonwealth's motion for *nolle prosequi*. With the exception of her disagreement with defense counsel's statement that the Commonwealth had not given him notice of the new indictments, the attorney representing the

Commonwealth in circuit court endorsed defense counsel's proffer of the facts during the hearing on the motion to dismiss the indictment. Her words were "with respect to the statement of facts on the Wright matter, he's almost exactly on point." Part of defense counsel's proffer to the circuit court was that the Commonwealth offered no reason for the *nolle prosequi* motion in the general district court.

To decide the question before us requires interpretation of "good cause" as the phrase is used in Code § 19.2-265.3. "Every part of the statute is presumed to have some effect and no part will be treated as meaningless unless absolutely necessary." Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 405, 468 S.E.2d 905, 909 (1996). The statute authorizes a *nolle prosequi* "only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." Code § 19.2-265.3. We believe that deciding that the Commonwealth does not need to provide a reason for the motion would treat as meaningless the words "only" and "with good cause shown." If the legislature intended that a court could order a *nolle prosequi* under the circumstances of this case, it would have completed the statute with the words "upon motion of the Commonwealth."

Moreover, the intention and effect of statutes of this kind are to take away from the prosecutor the unlimited common law discretion to *nolle prosequi* at will. See State v. Mucci, 782 N.E.2d 133, 139 (Oh. 2002). "The express language of [Code § 19.2-265.3] commits a finding of good cause to the discretion of the trial court." Harris, 258 Va. at 583, 520 S.E.2d at 829. We cannot see how the general district court judge in this case could independently exercise this discretion because the Commonwealth did not offer a reason for the motion for him to evaluate. Without a reason on which to base its decision, the court had no meaningful basis for deciding whether the reason for the motion is the kind of permissible reason approved by the decisions in Harris, Arnold, and Cantrell or whether there is no proper reason, as in Battle.

Holding that the Commonwealth need not provide a reason would also be inconsistent with our Supreme Court's prior definition of good cause: "legally sufficient ground or reason." Bidwell v. McSorley, 194 Va. 135, 140, 72 S.E.2d 245, 249 (1952) (quoting Black's Law Dictionary (3d edition)). The statute provides that *nolle prosequi* is only granted on the motion of the Commonwealth. It has long been the general rule that the proponent of a motion has the burden of justifying the motion to the court. Crabtree v. State, 339 P.2d 1066, 1068 (Okl. Crim. App. 1958). And it is difficult to understand how silence can ever meet such a burden over the objection of the opposing party. We, therefore, hold that there was no good cause for the Commonwealth's motion to *nolle prosequi* in the general district court.

(2)

Having found that the Commonwealth did not establish good cause for the *nolle prosequi* in the general district court, we now address the implications of this holding on the validity of Wright's conviction in the circuit court.

The following analysis should not be understood as addressing whether the circuit court erred in a review of the exercise of the discretion of the general district court. The undisputed facts are that the general district court had no basis upon which to exercise discretion, that is, a reason offered by the Commonwealth in support of its motion to *nolle prosequi*. In short, a court cannot determine that a reason constitutes good cause, or not, if no reason is proffered. Accordingly, the following analysis is concerned with the action of the circuit court once the fact (no good cause shown) was established before it that the general district court could not have exercised any discretion.

First, we address the view that the circuit court was without the authority to consider the reasons for the general district court's ruling on the Commonwealth's motion to *nolle prosequi*. Responding to Wright's pretrial motion to dismiss the indictment because of the erroneous *nolle*

*prosequi* ruling, the Commonwealth relied on <u>Armel v. Commonwealth</u>, 28 Va. App. 407, 505 S.E.2d 378 (1998). The brief in opposition particularly emphasizes the following language from <u>Armel</u>: "The nolle prosequi of the original arrest warrants in the general district court 'terminated the . . . charges, . . . as if they had never existed.'" <u>Id.</u> at 410, 505 S.E.2d at 379 (quoting <u>Watkins v. Commonwealth</u>, 27 Va. App. 473, 475, 499 S.E.2d 589, 590 (1998)). At the hearing on Wright's motion to dismiss, the Commonwealth argued that <u>Armel</u> stood for the proposition that the circuit court was without authority to dismiss an indictment because of the unlawful grant of a *nolle prosequi* by the general district court. The trial judge agreed with this argument. We do not. Both the decisional and statutory law governing *nolle prosequi* orders and preliminary hearings persuade us that the trial judge erred.

First, the *nolle prosequi* cases discussed above qualify the extent to which a *nolle prosequi* "terminates the charges . . . as if they had never existed." Our Supreme Court, in <u>Harris,</u> expressly defined a standard of review for appellate courts ruling on a criminal defendant's claim that the *nolle prosequi* of the same offense in an earlier proceeding was not based on good cause as defined in Code § 19.2-265.3.

> We review the granting of a motion for *nolle prosequi* under well-settled principles of law. Code § 19.2-265.3 provides that "nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." The express language of the statute commits a finding of good cause to the discretion of the trial court. "In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." <u>Beck v. Commonwealth</u>, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997). Accordingly, the granting of a motion for *nolle prosequi* will only be overturned if there is clear evidence that the decision to grant the motion was not judicially sound.

<u>Harris</u>, 258 Va. at 583, 520 S.E.2d at 829.

> During oral argument, the Commonwealth further contended that [the defendant] is barred from collaterally challenging the granting

> of the motion for *nolle prosequi*, asserting that his remedy was to
> have challenged the trial court's action on direct appeal. We
> disagree. . . . [The defendant's] right of appeal accrued only when
> he was convicted under the second indictment. The issues before
> us arise from his assertion of his speedy trial rights, *including the*
> *claim that the original indictment was improperly terminated*
> *during that prosecution.*

Id. at 583 n.4, 520 S.E.2d at 829 n.4 (emphasis added). If no court could consider the reasons for

another court's prior order to *nolle prosequi* the same charge in an earlier proceeding, our

Supreme Court would never have set forth a standard for the appellate review of *nolle prosequi*

orders. Moreover, the Supreme Court's rejection of the Commonwealth's argument that a

criminal defendant is barred from collaterally attacking the *nolle prosequi* of the same offense in

an earlier proceeding is also inconsistent with the unqualified assertion that the *nolle prosequi*

invariably, "'lays to rest that indictment and the underlying warrant, as though they never

existed.'" Burfoot, 23 Va. App. at 44, 473 S.E.2d at 727 (quoting Arnold, 18 Va. App. at 222,

443 S.E.2d at 185). We, therefore, hold that the foregoing language is qualified by the need,

pursuant to Harris, for a narrow and deferential inquiry into whether good cause existed for the

*nolle prosequi* of the same offense in an earlier proceeding when the defendant alleges that the

*nolle prosequi* of the same offense in the earlier proceeding was without good cause. We now

turn to the related question of whether Wright's indictment in the circuit court mooted the error

of the general district court judge in granting the Commonwealth's original motion to *nolle*

*prosequi* the earlier charge without good cause. One argument is that both a grand jury

indictment and a preliminary hearing act as screening procedures. Their purpose is to establish

probable cause before an accused may be tried in a court of record for a felony. See Webb v.

Commonwealth, 204 Va. 24, 31, 129 S.E.2d 22, 28 (1963). Therefore, continues the argument,

the indictment in the circuit court gave back to Wright exactly what she was unlawfully denied

by the general district court, i.e. a probable cause determination before her trial.  Therefore any error was harmless.

We reject this argument because it is inconsistent with the plain language of Code § 19.2-218.  It is also inconsistent with our precedents interpreting the statutory right to a preliminary hearing.

> No person who is arrested on a charge of felony shall be denied a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and *no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused.*

Code § 19.2-218 (emphasis added).  The legislature is presumed to know the law when enacting legislation.  See Charles v. Commonwealth, 270 Va. 14, 19, 613 S.E.2d 432, 434 (2005).  We must therefore presume that the legislature knew that both a preliminary hearing and a grand jury indictment operate as screening procedures for probable cause determination when the legislature enacted Code § 19.2-218.  Nevertheless, the legislature decreed that "no indictment shall be returned in a court of record against any such person prior to such hearing . . . ."  By the plain language of the statute, the validity of any indictment against a person who has been arrested prior to the indictment depends on the occurrence of a preliminary hearing or a valid waiver.  To decide that a subsequent indictment cures any violation of Code § 19.2-218 would be to ignore the command of the legislature.

Our prior cases discussing the statutory right to a preliminary hearing are in accord with this conclusion.  In 1950, our Supreme Court decided Benson v. Commonwealth, 190 Va. 744, 58 S.E.2d 312 (1950).  The defendant in Benson was arrested on a felony warrant and insisted that the police court (forerunner of the general district court) conduct a preliminary hearing before witnesses were allowed to testify before the grand jury.  Id. at 749-50, 58 S.E.2d at 314.

- 12 -

Instead of holding a preliminary hearing, the Commonwealth dismissed the warrant. Id. Our Supreme Court held that a defendant arrested on warrant, "had no right, either statutory or constitutional, to be afforded a preliminary hearing prior to the finding of the indictment or to his trial thereon." Id. at 750, 58 S.E.2d at 314.

The legislature acted to alter the Supreme Court's holding of Benson.

> It may reasonably be assumed from the language in § 19.1-163.1 [now § 19.2-218] that it was enacted to change the effect of our holding in the Benson case by granting an accused the right to a preliminary hearing when he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury.

Webb, 204 Va. at 31, 129 S.E.2d at 27. In Webb, the Supreme Court ruled that the statutory right to a preliminary hearing applied only to persons arrested before indictment.

> But under the procedure followed in the present case the statute has no application. It applies to a person who has been arrested on a felony charge prior to an indictment by a grand jury. Here the defendant had not been arrested or charged with any offense prior to the return of the indictment.

Id. at 31, 129 S.E.2d at 27-28. It is true that the Webb Court stated, "this court has consistently held that a preliminary examination of one accused of committing a felony is not necessary where an indictment has been found against him by a grand jury." Id. at 30-31, 129 S.E.2d at 27. However, the only authorities cited for this proposition are Benson and Jones v. Commonwealth, 86 Va. 661, 10 S.E. 1005 (1890). The Supreme Court decided both of those cases *before* the legislature created a statutory right to a preliminary hearing in 1960.

It was the fact that the defendant had not been arrested, not the theory that an indictment cures any prior errors in the prosecution, that persuaded our Supreme Court to affirm the defendant's conviction both in Webb and in Land v. Commonwealth, 211 Va. 223, 224-25, 176 S.E.2d 586, 587-88 (1970).

- 13 -

> [The defendant] takes the position that when he was taken to police headquarters for questioning he was arrested and thus brought within the provisions of § 19.1-163.1 [now § 19.2-218]. We do not agree.
>
> The record shows that [the defendant] twice went voluntarily to the police station, as indeed he admitted, and that each time he freely departed at the conclusion of the interview. He was not arrested until several weeks later, after the grand jury had indicted him. Hence [the defendant] was not entitled to a preliminary hearing and the trial court properly overruled his motion to quash the indictments.

Id. at 225, 176 S.E.2d at 588. It is difficult to see why the Supreme Court would trouble itself to explain that the defendant went to the police station voluntarily and therefore had no statutory right to a preliminary hearing if the fact of his subsequent indictment meant that no violations of defendant's statutory right to a preliminary hearing that might have occurred before he was indicted could possibly affect the validity of his conviction. If valid, the principle that an indictment "cures" any prior irregularities would have been a more narrow rationale for affirming the trial court's decision. The clear implication is that the Supreme Court would have reversed the defendant's conviction if the defendant had been arrested before the indictment and been unlawfully denied his statutory right to a preliminary hearing.

The same implication is present in the reasoning of Moore v. Commonwealth, 218 Va. 388, 237 S.E.2d 187 (1977). In Moore, defendant was arrested before being indicted and the general district court found no probable cause after a full presentation of the evidence at a preliminary hearing. Id. at 389, 237 S.E.2d at 189. The Commonwealth obtained indictments for the same offenses in the circuit court, and the defendant was convicted at trial. Id. at 390, 237 S.E.2d at 189. The defendant appealed, arguing that, having been arrested on a warrant, she could not be indicted on the same charges after they had been dismissed after the presentation of evidence at her preliminary hearing. Id. at 393, 237 S.E.2d at 191. The defendant relied on the language from Webb, stating that the legislature changed the holding in Benson, "by granting an

- 14 -

accused the right to a preliminary hearing when he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury." Webb, 204 Va. at 31, 129 S.E.2d at 27. Our Supreme Court affirmed the defendant's conviction, noting that:

> The defendant dwells on the foregoing statement and argues it establishes that the *only* route to an indictment after arrest is through a preliminary hearing. In Webb, we were addressing a Benson-type situation in which the Commonwealth's Attorney bypassed a preliminary hearing and went directly to the grand jury when the defendant already had been arrested. The case at bar is quite different. *Here, defendant has been afforded a preliminary hearing; there has been no evasion of the probable cause determination.* And, there is nothing in Webb, or the statute, as we have said, which affords any additional guarantee to an accused under arrest except that he shall be entitled to a preliminary hearing "prior" to the bringing of an indictment against him on the same charge.

Moore, 218 Va. at 395, 237 S.E.2d at 193 (emphasis added). Again, the clear implication is that, if the defendant in Moore had not been afforded a preliminary hearing, her conviction would have been reversed. There would have been no reason to include the above quoted language in the Moore decision if the case was susceptible of resolution on the narrower ground that the defendant's later indictment "cured" any prior claims she may have had regarding her statutory right to a preliminary hearing. "An appellate court decides cases on the 'best and narrowest grounds available.'" Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (en banc) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J. concurring)). Because we are obliged to assume that our Supreme Court followed this principle in deciding Webb, Land, and Moore, we must reject the argument that the indictment in the circuit court "cured" the violation of Wright's statutory right to a preliminary hearing.

We further hold that the violation of Wright's right to a preliminary hearing was not harmless error. It is true that the statutory right to a preliminary hearing is procedural rather

- 15 -

than jurisdictional.  Snyder v. Commonwealth, 202 Va. 1009, 1014, 121 S.E.2d 452, 456 (1961).  This means that an objection to the denial of a defendant's right to a preliminary hearing must be made before trial or it will not be considered on appeal as a reason for reversing the defendant's conviction.  Id.  In Snyder, our Supreme Court affirmed the defendant's conviction, noting:

> The defendant raised no objection to the lack of, or the irregularity in, the preliminary hearing, before his trial on the indictment.  In fact, the first mention of this point appears in a petition filed by the defendant, in the trial court, on June 21, 1960, forty-seven days after the entry of the final order.

Id. at 1013, 121 S.E.2d at 455.  In Triplett v. Commonwealth, 212 Va. 649, 186 S.E.2d 16 (1972), our Supreme Court stated:

> It is true that the requirement for a preliminary hearing under Code § 19.1-163.1 [now § 19.2-218] is not jurisdictional and constitutionally imposed but is only statutory and procedural. Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963). Likewise, the requirement for indictment is not jurisdictional and constitutionally imposed but is only statutory and procedural. Henson v. Commonwealth, 208 Va. 120, 155 S.E.2d 346 (1967); Forester v. Commonwealth, 210 Va. 764, 173 S.E.2d 851 (1970).
>
> But where, as here, the defendant insists upon his statutory rights to a preliminary hearing and indictment, we hold the failure of the trial court to adhere to those procedural requirements is reversible error.

Id. at 650-51, 186 S.E.2d at 17.  We understand the term "reversible error" to have the opposite meaning of the term "harmless error."  Wright preserved her objection to the unlawful denial of her statutory right to a preliminary hearing in a timely manner by raising the matter in a pretrial motion.  The circuit court's ruling on Wright's motion to dismiss the indictment was, therefore, not harmless error.

Of the *nolle prosequi* cases discussed in part (1) of this opinion, all of them reviewed the reasons for *nolle prosequi* orders of the same offense in an earlier circuit court proceeding.

Harris, 258 Va. at 579, 520 S.E.2d at 826-27; Arnold, 18 Va. App. at 220, 443 S.E.2d at 184-85; Battle, 12 Va. App. at 627-28, 406 S.E.2d at 196-97; Cantrell, 7 Va. App. at 277, 373 S.E.2d at 331. We now consider whether the unlawful *nolle prosequi* order in this case has the same legal effect on the validity of the later indictment suggested by these cases even though the *nolle prosequi* order of which Wright complains was issued by a general district court. We hold that it does. Code § 19.2-265.3 commits the *nolle prosequi* decision "to the discretion of the court." If the legislature believed the type of court to be relevant to the intended scope of the statute's application, the legislature could have written "court of record" instead. This language would have restricted the application of the "good cause" provision of Code § 19.2-265.3 to circuit court *nolle prosequi* orders. This language would compel us to affirm Wright's conviction. But the statute, as written, does not contain this language. "In construing a statute, we must apply its plain meaning, and 'we are not free to add [to] language, nor to ignore language, contained in statutes.'" BBF, Inc. v. Alstom Power, Inc., 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007) (quoting SIGNAL Corp. v. Keane Federal Sys., Inc., 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003)).

Moreover, Code § 19.2-265.3 is located in Chapter 15 ("trial and its incidents") of Title 19.2 of the Code of Virginia ("Criminal Procedure"). Other sections of Title 19.2, Chapter 15 refer to a specific court where the legislature specifically intends the section to apply only to a specific court. See Code § 19.2-241 ("The judge of each circuit court shall fix a day . . . ."); § 19.2-243 ("Where a general district court has found that there is probable cause . . . ."); § 19.2-251 ("A circuit court may, on motion of the accused or the Commonwealth, for good cause, order the venue for the trial of a criminal case . . . ."); § 19.2-258.1 ("For any traffic infraction cases tried in a district court . . . ."); § 19.2-265.4 ("In any criminal prosecution for a felony in a circuit court or for a misdemeanor brought on direct indictment . . . ."). We believe

the presence of this specific language in these sections of Title 19.2, Chapter 15 further supports our belief that the legislature intended that Code § 19.2-265.3 apply to district courts as well as circuit courts.

We do not believe our holding should be any cause for alarm that circuit courts will soon be forced to routinely review district court continuance rulings and other discretionary functions of the district courts. Our decision rests on our interpretation of Code §§ 19.2-218 and 19.2-265.3. The first of these statutes conditions the validity of an indictment against a person who has been arrested prior to indictment on the occurrence of a preliminary hearing or a valid waiver. The second statute demands that the Commonwealth show good cause before a court may order a *nolle prosequi*. Read together, these statutes require that a person first arrested on a felony may not later be indicted for the same offense unless the person receives a preliminary hearing or makes a valid waiver of their right to a preliminary hearing or the district court judge enters an order of *nolle prosequi* upon a showing of good cause by the Commonwealth.

CONCLUSION

The circuit court committed reversible error when it overruled Wright's timely objection that the unlawful *nolle prosequi* of the same offense in an earlier district court proceeding deprived her of her statutory right to a preliminary hearing pursuant to Code § 19.2-218. Wright's conviction is reversed and the indictment is dismissed without prejudice. See Battle, 12 Va. App. at 631-32, 406 S.E.2d at 199. This case is remanded for further proceedings consistent with this opinion.

Reversed, dismissed
without prejudice, and
remanded.